UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DR. JOSEPH AARON WEINSTOCK,      ) | |
|     ) | |
| Plaintiff,     ) | Civil Action No.: 05-1931 (ESH) |
|     ) | |
| v.     ) | |
|     ) | |
| STEPHEN P. GROFF,     ) | |
|     ) | |
| Defendant.     ) | |
|     ) | |

**<u>DEFENDANT'S MOTION TO DISMISS AND SUBSTITUTE DEFENDANT</u>**

Defendant, the United States of America, respectfully moves to dismiss this case on the ground that the Court lacks subject matter jurisdiction, pursuant to Rule 12(b)(1) and 12(b)(6). Plaintiff alleges in his complaint that Mr. Groff, an employee of the Millennium Challenge Corporation ("MCC"), defamed him by publishing "false statements" about him to members of FutureStep and MCC. Plaintiff further alleges that Mr. Groff committed reckless misrepresentation and tortious interference of prospective advantage by stating that plaintiff had no management experience. However, Mr. Groff, as employee of a federal agency, is immune from suit and the United States must be substituted for him as the defendant in this action. Further, plaintiff's claims are not permitted by the Federal Tort Claims Act, which does not waive the government's sovereign immunity for claims arising out of defamation or misrepresentation. Moreover, plaintiff has not exhausted his administrative remedies, so any claim permitted by the FTCA would still need to be dismissed on jurisdictional grounds.

A memorandum in support, Westfall certification, and proposed order are attached.

October 19, 2005                    Respectfully submitted,

                                    ____/s/_____
                                    KENNETH L. WAINSTEIN, D.C. BAR#451058
                                    United States Attorney


                                    ____/s/_____
                                    R. CRAIG LAWRENCE, D.C. BAR #171538
                                    Assistant United States Attorney


                                    ____/s/_____
                                    ANDREA MCBARNETTE, D.C. BAR #483789
                                    Assistant United States Attorney
                                    555 Fourth Street, N.W.
                                    Washington, D.C.  20530
                                    (202) 514-7153

Of Counsel:
John Mantini
Assistant General Counsel, Administration
Millennium Challenge Corporation

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| | ) | |
| DR. JOSEPH AARON WEINSTOCK, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 05-1931 (ESH) |
| | ) | |
| v. | ) | |
| | ) | |
| STEPHEN P. GROFF, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS AND SUBSTITUTE DEFENDANT**

The United States of America, on behalf of the only named defendant, Stephen P. Groff,

respectfully files this memorandum in support of its motion to dismiss on the ground that the

Court lacks subject matter jurisdiction, pursuant to Rule 12(b)(1), and the complaint fails to state

a claim upon which relief may be granted, pursuant to Rule 12(b)(6).  Mr. Groff, as employee of

a federal agency, is immune from suit and the United States must be substituted for him as the

defendant in this action.

**Introduction**

Plaintiff filed this civil action on September 30, 2005.  On October 19, 2005, R. Craig

Lawrence, Acting Chief, Civil Division, U.S. Attorney's Office, certified that Mr. Groff was

acting within the scope of his employment at the time of the incidents alleged in plaintiff's

complaint.  See Ex. 1.

Plaintiff alleges in his complaint that Mr. Groff defamed him by publishing "false

statements" about him to members of FutureStep and the Millennium Challenge Corporation

("MCC").  These false statements consist of Mr. Groff's allegedly stating that Plaintiff had no

management experience.  Compl., p.4.  Plaintiff further alleges that Mr. Groff committed

reckless misrepresentation and interference with prospective advantage by stating that plaintiff

had no management experience.  Compl., p.5.  Plaintiff's claims are not permitted by the Federal

Tort Claims Act ("FTCA"), which does not waive the government's sovereign immunity for

claims arising out of defamation or misrepresentation.

<b>Argument</b>

**I.      The United States  Must be Substituted for the Individual Defendant.**

The FTCA expressly provides that any common law tort suit brought against federal

employees must be treated as a suit against the United States once the Attorney General (or his

delegate) certifies that the employees acted within the scope of their employment:

> Upon certification by the Attorney General that the defendant employee was acting within
> the scope of his office or employment at the time of the incident out of which the claim
> arose, any civil action or proceeding commenced upon such claim in a United States
> district court shall be deemed an action against the United States under the provisions of
> this title and all references thereto, and the United States shall be substituted as the party
> defendant.

28 U.S.C. § 2679(d)(1).  In this case, the certification is being filed herewith as Exhibit 1.[1]  The

substitution works as a matter of law, and the United States is now the sole party defendant.

---

[1]      The named defendant is an employee of MCC, an independent Federal agency in
the Executive branch.  MCC is a government corporation authorized by the Millennium
Challenge Act of 2003 (P.L. 108-199), codified at 22 U.S.C. § 7701, *et seq*.  MCC is subject to
the Government Corporation Control Act, codified at 31 U.S.C. § 9101, *et seq*. MCC's mission
is to enter into grant agreements called "compacts" with certain eligible countries for the purpose
of promoting economic growth and reducing extreme poverty.  MCC is managed by a Chief
Executive Officer appointed by the President and confirmed by the Senate and overseen by a
Board of Directors composed of the Secretary of State, the Secretary of Treasury, the U.S. Trade
Representative, the Administrator of the United States Agency for International Development
("USAID"), the CEO of the MCC and four public members, appointed by the President with the
advice and consent of the Senate. The Secretary of State is the Chair of the Board and the
Secretary of Treasury is the Vice Chair.

See Kimbro v. Velten, 30 F.3d 1501, 1509 n.4 (D.C. Cir. 1994).  The individual defendant,

therefore, is entitled to immunity under section 2679.  See United States v. Smith, 499 U.S. 160,

165-69 (1991); 617 F.2d 755, 768 (D.C. Cir. 1979) (federal employees immune from defamation

suit when acting "within the ambit of his discretion"); Trifax v. District of Columbia, 53 F. Supp.

2d 20 (D.D.C. 1999) ("acting within the outer perimeter of the duties"), aff'd, 314 F.3d 641

(D.C. Cir. 2003).  Therefore, the United States is the only defendant in this case and Mr. Groff

must be dismissed from the case.

## II.    Plaintiff's Common Law Claims Must be Dismissed.

Plaintiff's complaint appears to be based on D.C. common law.  See Compl., p. 3-5

(alleging defamation, tortious interference with prospective advantage and reckless

misrepresentation).  The general rule of sovereign immunity, however, means that the federal

government may not be sued at all unless Congress has specifically waived sovereign immunity

and created a cause of action.  "The United States is immune from suit absent an express waiver

of sovereign immunity."  United States v. Testan, 424 U.S. 392, 399 (1976); see also FDIC v.

Meyer, 510 U.S. 471, 484-86 (1994).  The United States has not waived sovereign immunity for

plaintiff's claims under D.C. common law and, unsurprisingly, plaintiff has cited no authority for

such a waiver.  Sovereign immunity means that plaintiff's claims based directly on D.C. common

law must be dismissed for lack of jurisdiction.

The Federal Tort Claims Act, 28 U.S.C. §§ 2671-80 ("FTCA"), is the exclusive remedy

for any loss from the tortious actions of federal agencies or employees.  See 28 U.S.C.

§ 2679(b)(1).  The FTCA therefore pre-empts any tort actions directly based on the common law

or state law, including D.C. law, against the United States, its agencies, or employees.  See

<u>Smith</u>, 499 U.S. at 165-69; <u>Expeditions Unlimited Aquatic Enterprises, Inc. v. Smithsonian Institution</u>, No. 74-1899, (D.C. Cir., June 28, 1976), <u>reprinted in</u> 566 F.2d 289 App. A-1, at 295-99; <u>Kline v. Republic of El Salvador</u>, 603 F. Supp. 1313, 1316 (D.D.C. 1985).

Plaintiff's complaint makes no reference to the FTCA, but instead appears to be based on D.C. common law. Because the general rule of sovereign immunity protects employees of MCC, including Mr. Groff, from suit based on D.C. common law, the entire case should be dismissed for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1).

**III.    Even If the Complaint is Deemed to Allege Claims under the FTCA, it Still Must be Dismissed.**

Because it is well settled that the only vehicle to bring tort claims against the federal government is through the FTCA, the Court may decide to treat plaintiff's complaint as alleging a cause of action against the United States under the FTCA. However, the FTCA specifically excludes claims for defamation and claims "arising out of" defamation from its waiver of sovereign immunity. In addition, even if an FTCA cause of action somehow did exist, it still would fail on jurisdictional grounds because the plaintiff failed to exhaust his administrative remedies as he must under the FTCA prior to suing in federal court.

**A.    The FTCA Prohibits Claims Arising Out of Defamation or Misrepresentation.**

Even if the Court permitted plaintiff's claim to proceed under the FTCA against the United States, the FTCA prohibits suits arising out of defamation or misrepresentation. The FTCA specifies certain torts for which the statute expressly does <u>not</u> waive the government's sovereign immunity. <u>See</u> 28 U.S.C. § 2680. Exceptions to the Federal Tort Claims Act include under 28 U.S.C. § 2680(h):

> Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights . . .

One of the listed exceptions is for claims based on "libel [or] slander." 28 U.S.C. § 2680(h). The courts consistently treat defamation claims as included within libel and slander under the FTCA, so that defamation claims are prohibited as well. In Gardner v. United States, 213 F.3d 735 (D.C. Cir. 2000), plaintiff claimed that the Internal Revenue Service defamed him when it disclosed his tax returns and tax information. The D.C. Circuit upheld dismissal of the claim, finding that plaintiff's "defamation claim against the United States is barred, because suits for libel or slander are prohibited under the Federal Tort Claims Act." Id. at 738 n.1.

Similarly, in Johnson v. Brady, 1991 U.S. Dist. LEXIS 3840 (D.D.C. 1991), this Court dismissed a suit brought against the Treasury Department by a former employee who claimed that Treasury officials defamed him in providing information in a reference check for his application to be rehired by the Department. The Johnson Court held that the "libel exception of the FTCA plainly bars [plaintiff's] complaint" since the complaint did not contest the decision not to hire plaintiff but claimed that the publicizing of untrue information about plaintiff caused him to suffer damages. Id. at *2, *3. In Moessmer v. United States, 760 F.2d 236 (8th Cir. 1985), which the Johnson court cited, the Eighth Circuit upheld the dismissal of a defamation claim against the CIA for allegedly communicating untrue information to plaintiff's prospective employer: "If the gravamen of his complaint is that the CIA communicated defamatory material to [the prospective employer], then his claim falls within the libel and slander exception to the FTCA." 760 F.2d at 237-38.

This case is squarely in line with Johnson and Moessmer. Plaintiff alleges in his

5

complaint that Mr. Groff defamed him by publishing "false statements" about him to members of FutureStep and MCC. Plaintiff's alleges that Mr. Groff's false statements are that the plaintiff "had no management experience." Compl., p. 4. Such a defamation claim falls within the libel or slander exception to the FTCA, and must be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff's complaint also alleges reckless misrepresentation. Compl., p. 5. Plaintiff alleges that Mr. Groff committed reckless misrepresentation by stating that plaintiff had no management experience. Compl., p. 5. Misrepresentation is explicitly listed in the FTCA's statutory exclusion in section 2680(h). Therefore, plaintiff's reckless misrepresentation claim must be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff's complaint alleges a claim of tortious interference with prospective advantage. Compl., p.4-5. Although not explicitly listed in the FTCA's statutory exclusion in section 2680(h), the statute provides that another tort claim must be dismissed if it "arises out of" the same factual allegations that support a claim for an excluded tort, such as libel or slander or misrepresentation. See Koch v. United States, 209 F. Supp. 2d 89, 94-95 (D.D.C. 2002) (Lamberth, J.), aff'd summarily, No. 02-5222, 2002 WL 312926832 (D.C. Cir. Dec. 31, 2002) (citing Haddon v. United States, 68 F.3d 1420, 1425 (D.C. Cir.1995)). This Court's decision in Koch is especially illuminating in its analysis of the "arising out of" language in the FTCA:

> Although "intentional infliction of emotional distress" is not enumerated in section 2680(h) of the FTCA as a tort for which sovereign immunity has not been waived, that section does exclude from coverage "any claim *arising out of*" any of the enumerated torts. Therefore, any claim "arising out of" a claim of assault is also barred, even if it is not explicitly titled as an "assault." To determine whether an "arising out of" claim is excluded by § 2680, the Court must examine the *actual conduct* upon which plaintiff Koch bases his claim for intentional infliction of emotional distress. See Truman v.

6

United States, 26 F.3d 592, 594 (5th Cir.1994); Sheehan v. United States, 896 F.2d 1168 (9th Cir. 1990). If that alleged conduct constitutes a tort listed in § 2680, then this Court has no jurisdiction to hear the claim of intentional infliction of emotional distress. "In contrast, if a plaintiff bases a claim on conduct that does not constitute a claim 'arising out of' a tort specified in § 2680(h), then the plaintiff's suit is not barred." Truman, 26 F.3d at 595.

209 F. Supp. 2d at 94 (emphasis added).

Plaintiff's tortious interference with prospective advantage claim "aris[e] out of" the same "actual conduct," per Koch, 209 F. Supp. 2d at 94, that constitutes his defamation and misrepresentation claims. Plaintiff alleges that Mr. Groff's interference consists of his alleged defamation and misrepresentation that plaintiff "had no management experience." Compl, p. 4-5. Therefore, all of his tort claims should be treated as part of his defamation and misrepresentation claims, which are barred by the FTCA. Plaintiff's claims should be dismissed for lack of jurisdiction pursuant to Rule 12(b)(1).

**B.    Even If an FTCA Claim Existed, it Would Have to be Dismissed for Failure to Exhaust Administrative Remedies.**

If plaintiff's claims somehow survived these defects and presented cognizable claims under the FTCA, they would still fail as a result of plaintiff's failure to exhaust his administrative remedies prior to suing in federal court. See 28 U.S.C. § 2675(a). Section 2675(a) provides that claimants may not institute an action against the United States for money damages for torts, committed by a federal employee acting within the scope of his employment, unless the claimant "shall have first presented the claim to the appropriate Federal agency" and "his claim shall have been finally denied by the agency in writing." Courts routinely dismiss FTCA claims where a claimant could not demonstrate exhaustion of administrative remedies. See McNeil v. United States, 508 U.S. 106 (1993) (dismissing personal injury claim by prisoner under FTCA where the

claim had not been either presented to or denied by the requisite agency);

Failure to exhaust is jurisdictional.  See Simpkins v. District of Columbia Government, 108 F.3d 366, 371 (D.C. Cir. 1997); GAF Corp. v. United States, 818 F.2d 901, 904 and n.86 (D.C. Cir. 1987); Jackson v. United States, 730 F.2d 808, 809 (D.C. Cir. 1984); Founding Church of Scientology v. Director, FBI, 459 F. Supp. 748, 754 (D.D.C. 1978) ("This requirement of exhaustion of administrative remedies is jurisdictional and is an absolute prerequisite to an action under the FTCA.").

In this case, plaintiff fails to allege anywhere in his complaint that he brought his defamation claim to MCC for its review.  In fact, plaintiff did not bring his claim to MCC.  See Mantini Decl., attached as Exhibit 2.  Dismissal is therefore appropriate, even if Plaintiff's tort claims were treated as permissible FTCA claims.

8

**Conclusion**

Plaintiff brings claims that are squarely excluded by the FTCA.  The case law is clear that he may not sue individual government employees for common law torts once the conduct has been certified as it has in this case.  Moreover, plaintiff has not exhausted his administrative remedies, which is a prerequisite for jurisdiction.  For these reasons, this Court should grant defendant's motion to dismiss plaintiff's complaint for lack of jurisdiction.

October 19, 2005                     Respectfully submitted,

    /s/_____
KENNETH L. WAINSTEIN, D.C. BAR#451058
United States Attorney

    /s/_____
R. CRAIG LAWRENCE, D.C. BAR #171538
Assistant United States Attorney

    /s/_____
ANDREA MCBARNETTE, D.C. BAR #483789
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 514-7153

Of Counsel:
John Mantini
Assistant General Counsel, Administration
Millennium Challenge Corporation

9

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing DEFENDANT'S MOTION TO DISMISS AND

SUBSTITUTE DEFENDANT, and the accompanying order was filed via the Court's electronic

filing system on October 19, 2005 and is expected to be served by the Court's electronic

transmission facilities to:


**Montgomery Blair Sibley**
LAW OFFICE OF RODRIGUEZ & SIBLEY
1717 K. Street, N.W.
Suite 600
Washington, DC 20036-5346
202 508 3699
Fax: (202) 478-0371
Email: MBSibley@earthlink.net



_____/S/_____
ANDREA McBARNETTE
Assistant United States Attorney