UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

DR. JOSEPH AARON WEINSTOCK,
13 Avocado Street                                    Case. No.: 1:05V-01931
Valle Verde I                                        Judge Ellen Segal Huevelle
Pasig City, Metro Manila
Philippines

                    Plaintiff,                **MOTIONS TO ENLARGE TIME TO**
                                                     **RESPOND TO MOTION TO DISMISS AND**
vs.                                                  **FOR PERMISSION FOR LIMITED**
                                                     **EXPEDITED DISCOVERY**

STEPHEN P. GROFF
7614 Carteret Rd
Bethesda, MD 20817-2021,

                Defendant.
_____/

      Plaintiff, Dr. Joseph Aaron Weinstock, by and through his undersigned counsel and pursuant to Federal Rules of Civil Procedure, Rule 6(b), and the inherent authority of the Court, hereby moves for an Order Enlarging Time to Respond to Defendant's Motion to Dismiss and for Permission to Conduct Expedited Limited Discovery, and for grounds in support thereof state:

      Defendant has moved to dismiss this cause based upon a claim of immunity under the Federal Tort Claims act.

      Plaintiff desires to take discovery regarding Defendant's claim that he is a federal employee acting within the scope of his employment and hence entitled to the protections of the Federal Tort Claim Act. In particular, without that discovery, Plaintiff cannot contest (i) whether Defendant's employer, Millennium Challenge Corporation, is in fact an arm of the government and (ii) whether Defendant was acting within the scope of his employment when he undertook the actions alleged in the Complaint.

Thus, Plaintiff would need the depositions of the certifying government officer – R. Craig Lawrence, Acting Chief of the Civil Division, Office of the United States Attorney for the District of Columbia, and the certifying agent of the putative employer – John C. Mantini, assistant general counsel for Millennium Challenge Corporation.

In *Gutierrez De Martinez v. Lamagno*, 515 U.S. 417(1995), the Court recognized that "that the scope-of-employment certification is reviewable in court." *Id*. at 420. In *Lamagno* – similar to the instant case – "the local United States Attorney, acting pursuant to the Westfall Act, certified on behalf of the Attorney General that Lamagno was acting within the scope of his employment at the time of the accident. The certification, as is customary, stated no reasons for the U.S. Attorney's scope-of-employment determination. . . Petitioners maintained that Lamagno was acting outside the scope of his employment at the time of the accident; certification to the contrary, they argued, was groundless and untrustworthy. Following Circuit precedent, *Johnson v. Carter*, 983 F.2d 1316 (CA4) *(en banc)*, *cert. denied*, 510 U.S. 812 (1993), the District Court held the certification unreviewable, substituted the United States for Lamagno, and dismissed petitioners' suit." *Id*. at 422-423.

In reversing, the Court held: "The statute is fairly construed to allow petitioners to present to the District Court their objections to the Attorney General's scope-of-employment certification, and we hold that construction the more persuasive one. For the reasons stated, the judgment of the United States Court of Appeals for the Fourth Circuit is reversed, and the case is remanded for proceedings consistent with this opinion.". *Id*. at 436.

As such, Plaintiff clearly has a right to challenge the certification made herein in support of Defendant's motion to dismiss and thus seeks from the Court leave to conduct limited discovery to

Case. No. 1:05CV00174

that end and an enlargement of time to file a response thereafter to the Defendant's motion to dismiss.

Undersigned counsel has contacted counsel for the Defendant by both telephone and email but no response to the basis of the this motion was received by Plaintiff prior to this filing.

WHEREFORE, Plaintiff respectfully requests that this Court enter its order enlarging time for him to serve his response to the motion to dismiss sixty (60) days from the entry of the order to allow Plaintiff to engage in limited discovery on the issues of (i) whether Defendant's employer, Millennium corporation, is in fact an arm of the government and (ii) whether Defendant was acting within the scope of his employment when he undertook the actions alleged in the Complaint.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing was provided pursuant to LcvR 5.4(d) upon Andrea McBarnette, Assistant United States Attorney, 555 Fourth Street, N.W., Washington, D.C. 20530 this October 31, 2005.

**MONTGOMERY BLAIR SIBLEY**
Rodriguez, Sibley & Mendoza, L.L.P.
Attorneys for Plaintiff
1717 K Street, Suite 600
Washington, D.C. 20036
Voice:       (202) 508-3699
Fax:         (202) 478-0371

By:   /s/ Montgomery Blair Sibley
        Montgomery Blair Sibley
        D.C. Bar #464488

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

DR. JOSEPH AARON WEINSTOCK,

          Plaintiff,

Case. No.: 1:05V-01931
Judge Ellen Segal Huevelle

vs.

STEPHEN P. GROFF,

          Defendant.

_____/

**MOTIONS TO ENLARGE TIME TO
RESPOND TO MOTION TO DISMISS AND
FOR PERMISSION FOR LIMITED
EXPEDITED DISCOVERY**

This matter came on to be heard on Plaintiff's Motions to Enlarge Time to Respond to Motion to Dismiss and For Permission for Limited Expedited Discovery and the Court being otherwise fully advised in the premises, it is

ORDERED AND ADJUDGED, that the motion is granted. Plaintiff may undertake expedited limited discovery regarding (i) whether Defendant's employer, Millennium corporation, is in fact an arm of the government and (ii) whether Defendant was acting within the scope of his employment when he undertook the actions alleged in the Complaint, and it is further

ORDERED AND ADJUDGED, that the Plaintiff shall file his response to the motion to dismiss within sixty (60) days of this order.

DONE AND ORDERED in chambers this ___ day of _____, 2005.


_____
District Court Judge

cc:    Counsel of Record