UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DR. JOSEPH AARON WEINSTOCK,  )<br>  )<br>        Plaintiff,  )<br>  )<br>        v.  )<br>  )<br>STEPHEN P. GROFF,  )<br>  )<br>        Defendant.  )<br>  ) | Civil Action No.: 05-1931 (ESH) |

**DEFENDANT'S OPPOSITION TO MOTION FOR
PERMISSION FOR LIMITED EXPEDITED DISCOVERY**

Defendant, the United States of America, respectfully opposes Plaintiff's motion for limited expedited discovery ("Plaintiff's Motion").[1] Plaintiff seeks to challenge: 1) the status of Millennium Challenge Corporation ("MCC") as a federal agency; and 2) the Westfall scope certification filed by the United States, pursuant to the Federal Tort Claims Act ("FTCA"), which found that the named defendant and employee at issue here, Mr. Stephen P. Groff, acted within the scope of his employment at the time of the events alleged in the complaint. Neither discovery nor an evidentiary hearing is necessary to decide these issues. Even taking as true the allegations raised in Plaintiff's complaint, the relevant case law indicates that he has not presented sufficient evidence to merit further inquiry into the federal status of MCC or the scope of employment

---

[1] Plaintiff incorrectly states that he attempted to contact counsel by telephone and email but received no response. Plaintiff's Motion, p. 3. In fact, Plaintiff's counsel spoke with the undersigned via telephone regarding certain aspects of their intent to file a motion requesting discovery. The undersigned did not consent to the motion during this conversation and Plaintiff's counsel informed the undersigned that he would email a draft of the motion so that the undersigned could determine whether to oppose or consent to the relief requested. The undersigned did not receive a draft via email or any other communication prior to the filing of Plaintiff's motion requesting limited discovery.

certification.

## Background

Plaintiff alleges in his complaint that Mr. Groff defamed him by publishing "false statements" about him to members of FutureStep and MCC. These false statements consist of Mr. Groff's allegedly stating that Plaintiff had no management experience. Compl., p.4. Plaintiff further alleges that Mr. Groff committed reckless misrepresentation and interference with prospective advantage by stating that Plaintiff had no management experience. Compl., p.5.

The Defendant moved to dismiss this case on the ground that the Court lacks subject matter jurisdiction, pursuant to Rule 12(b)(1) and 12(b)(6). In its motion to dismiss, the Defendant clarified that the named defendant, Mr. Groff, is an employee of a federal agency and is therefore immune from suit and that the United States must be substituted for him as the defendant in this action. Acting pursuant to authority delegated to him by the U.S. Attorney General, R. Craig Lawrence, Acting Chief, Civil Division, U.S. Attorney's Office, certified that Mr. Groff was acting within the scope of his employment at the time of the incidents alleged in plaintiff's complaint. See Defendant's Motion to Dismiss, Exhibit 1 ("Westfall Certification"). The certification relied, in part, on Plaintiff's allegations in the original complaint.

By operation of law, the Westfall certification substituted the United States as the sole party defendant in the case. See 28 U.S.C. § 2679(d)(1). The case is now governed by the Federal Tort Claims Act ("FTCA").

**Argument**

Plaintiff claims that he needs discovery to ascertain whether MCC is indeed a federal agency and whether Mr. Groff was acting within the scope of his employment.

  1.  *MCC is a federal agency, created by statute*

To verify that MCC is a federal agency, Plaintiff need only check the Millennium Challenge Act of 2003 (P.L. 108-199), codified at 22 U.S.C. § 7701, *et seq*. Exhibit A. MCC is subject to the Government Corporation Control Act, codified at 31 U.S.C. § 9101, *et seq*.[2] MCC's mission is to enter into grant agreements called compacts with certain eligible countries for the purpose of promoting economic growth and reducing extreme poverty.

Moreover, Plaintiff could have easily verified MCC's federal status from MCC's website which states that it is a "new government corporation" and that "with strong bipartisan support, the Millennium Challenge Corporation (MCC) was established on January 23, 2004." See Excerpts from MCC's website, attached as Exhibit B. MCC's website even attaches the Millennium Challenge Act of 2003 (Exhibit A) and the website further states that:

> The MCC is managed by a Chief Executive Officer appointed by the President and confirmed by the Senate and overseen by a Board of Directors composed of the Secretary of State, the Secretary of Treasury, the U.S. Trade Representative, the Administrator of USAID, the CEO of the MCC and four public members, appointed by the President with the advice and consent of the Senate. The Secretary of State is the Chair of the Board and the Secretary of Treasury is the Vice Chair.

Exhibit B. Thus, Plaintiff's contention that he can not confirm whether MCC is an arm of the government without discovery is specious at best.

---

  [2]  Defendant provided this information in its motion to dismiss and the attached affidavit of Mr. Mantini.

> 2.   *Plaintiff's allegations taken as true, do not support discovery on scope of employment*

Plaintiff next contends that he needs discovery to ascertain whether Mr. Groff was acting within the scope of his employment. Acting pursuant to authority delegated to him by the U.S. Attorney General, R. Craig Lawrence, Acting Chief, Civil Division, U.S. Attorney's Office, certified that Mr. Groff was acting within the scope of his employment at the time of the incidents alleged in plaintiff's complaint. See Defendant's Motion to Dismiss, Exhibit 1. Plaintiff alleges that Mr. Groff stated to others at MCC that Plaintiff had no management experience. Compl. ¶¶ 10, 13, 15, and 16.

Plaintiff vaguely argues that despite the Westfall certification, he needs leave to conduct limited discovery to inquire whether Mr. Groff was acting within the scope of his employment when he undertook the actions alleged in the Complaint. A Westfall certification is subject to court review.[3] Gutierrez de Martinez v. Lamagno, 515 U.S. 417 (1995). If there is a material dispute regarding scope of employment, the district court is required to resolve such a dispute at an evidentiary hearing using applicable state law. Stokes v. Cross, 327 F.3d 1210, 1213-14 (D.C. Cir. 2003)

Nevertheless, the D.C. Circuit has been careful to instruct that "[n]ot every complaint will warrant further inquiry into the scope of employment issue," and holds that a plaintiff challenging a scope of employment certification carries the burden of presenting "specific facts" to rebut the certification. Stokes, 327 F.3d at 1214-16. "More, specifically, a plaintiff, the

---

[3] The Westfall Act takes its name from the Supreme Court case of Westfall v. Erwin, 484 U.S. 292 (1988), which rejected absolute immunity for federal employees acting within the scope of their employment. Congress clearly meant to overrule Westfall by enacting the current version of section 2679(d) in 1988. See United States v. Smith, 499 U.S. 160, 163 (1991).

Circuit has held, is 'required to plead sufficient facts, that, if true, would rebut the certification.' A district court may dismiss a claim without a hearing if the plaintiff fails to allege any facts that, if true, would prove the defendant was acting outside his or her scope of employment. Coward v. Florely, No. 02-1345 slip op. at 6-7 (D.C.C. Jun. 30, 2003) (Exhibit C) *quoting* Stokes, 327 F.3d at 1216; see also Daisley v. Riggs Bank, N.A., 372 F. Supp.2d 61, 75 (D.D.C. 2005) ("Daisley's complaint does not contain sufficient factual allegations to warrant discovery on the scope of employment question"); Caesar v. United States, 258 F. Supp. 2d 1, 4 (D.D.C. 2003) ("If the Court may independently determine, taking all of the allegations of the Complaint as true, and making all reasonable factual inferences in the plaintiff's favor, that, as a matter of law, the alleged tortfeasor was acting within the scope of her employment when plaintiff was injured, then no evidentiary hearing is required."); Haddon v. United States, 68 F.3d 1420 (D.C. Cir. 1995); Kimbro v. Velten, 30 F.3d 1501 (D.C. Cir. 1984).

The case law in the D.C. Circuit also clearly establishes that the Court is to review a request for discovery to challenge a Westfall certification as it would review a summary judgment motion, giving the existing certification a *prima facie* presumption of correctness. See Stokes, 327 F.3d at 1214-15; Kimbro, 30 F.3d at 1509; see also Koch v. United States, 209 F. Supp. 2d 89, 92 (D.D.C. 2002). Thus, Plaintiff must present sufficient evidence to create a material dispute of fact regarding Mr. Groff's conduct in order to obtain discovery or a hearing to challenge the Westfall certification.

In the instant case, Plaintiff has not pled any facts, that if true, would rebut the Westfall certification. Plaintiff's filing is devoid of any discussion that would call the certification into question. Moreover, Plaintiff has not even suggested what discovery he would seek in calling the

certification into question, rather, he has only nebulously indicated that he can not contest whether Mr. Groff was acting within the scope of his employment without discovery. Because Plaintiff's complaint and motion for discovery do not contain any sufficient factual allegations to warrant discovery on the question of scope of employment the Court should dismiss the motion and find the Westfall certification appropriate.

Moreover, under District of Columbia law, which governs the question of scope-of-employment in this jurisdiction, the Court looks to the Restatement (Second) of Agency (1958). See Stokes, 327 F.3d at 1215; Haddon, 68 F.3d at 1423. According to the Restatement, an employee's conduct falls within the scope of employment if:

> 1. it is of the kind he is employed to perform; 2. it occurs substantially within the authorized time and space limits; 3. it is actuated, at least in part, by a purpose to serve the master; and 4. if force is intentionally used by the servant against another, the use of force is not unexpected by the master.

Restatement (Second) of Agency § 228(1).

In this case, Plaintiff's Complaint contains no allegation that Defendant used any force, as is specified in the fourth factor. Therefore, only the first, second, and third factors are at issue in this case. As for the third factor, Mr. Groff is accused of commenting on a prospective employee's work experience. There is no allegation or facts to suggest that Mr. Groff's alleged comments were not "actuated, at least in part, by a purpose to serve the master." Restatement (Second) of Agency § 228(1). The second factor (regarding time and place of conduct) cuts in favor of the scope certification as well since there is no evidence or even reason to believe that Mr. Groff's alleged statement took place beyond the workplace.

Regarding the first factor, the court in Haddon focused on whether the employee's actions

were "'of the same general nature as that authorized' or '*incidental* to the conduct authorized.'" 68 F.3d at 1424. Focusing in detail on the "incidental" standard, the court in Haddon defined it as conduct that is "foreseeable," which in turn means that the conduct is "a direct outgrowth of the employee's instructions or job assignment." Id. But this standard is in turn informed by the court's detailed review of several D.C. decisions on either side of the line. Within the scope of employment were the actions of a mattress delivery man who assaulted and raped a customer in a dispute over the acceptable means of paying for the mattress he was delivering to her house. Id. So too were the actions of a laundromat employee who shot a customer who argued with him about a transaction at the laundromat. Id. at 1425. Beyond the scope of employment were the actions of a railroad worker who, in traveling from one worksite to another, assaulted a taxi cab driver in a fare dispute--in that case, it was not foreseeable that the worker would use a taxi to travel between sites. Id. Hence, where the employee's actions "ar[i]se[s] naturally" out of employee's job duties, defined broadly, the conduct is within scope. Id. at 1424.

The alleged defamation (and related torts) arose from Mr. Groff's alleged comments to his employer regarding Plaintiff's work experience. It is foreseeable that MCC employees may be expected to comment on a prospective employee's resume, capabilities, and work experience. Hence, Mr. Groff's alleged statement arose naturally out of his employee's job duties and was within the scope of his employment.

    3.    *Plaintiff's requested discovery would be unproductive*

Even if limited discovery were permitted, Plaintiff's requested two depositions that would be unproductive and thus, his request for the two depositions should be denied. Plaintiff claims that he would need the depositions of 1) Mr. John C. Mantini, assistant general counsel for MCC

and 2) Mr. R. Craig Lawrence, Acting Chief of the Civil Division, Office of the United States Attorney for the District of Columbia.

However, Mr. Mantini would only confirm what he stated in his declaration attached to Defendant's Motion to Dismiss. Mr. Mantini explained that MCC is a federal agency. As discussed above, Plaintiff's can easily confirm MCC's federal agency status by reviewing the appropriate statute, the Millennium Challenge Act of 2003 (P.L. 108-199), codified at 22 U.S.C. § 7701, *et seq*. Exhibit A.

Likewise, the deposition of Mr. Lawrence would be unproductive. Mr. Lawrence's testimony would only confirm what he stated in the Westfall certification:

> I have read the complaint in Dr. Joseph Aaron Weinstock v. Stephen P. Groff, No. 05-1931 (D.C.C., filed September 30, 2005), and that on the basis of the information now available to me with respect to the incidents alleged therein, I find that defendant Stephen P. Groff was acting within the scope of his employment as an employee of the United States at the time of the alleged incidents.

Mr. Lawrence's confirmation of his statement would shed no further light on Mr. Groff's statements or his scope of employment. Therefore, Plaintiff's request of the two depositions should be denied.

**Conclusion**

Plaintiff raises no serious challenge MCC's status as a federal agency or to the Westfall certification in this case. It is clear from the complaint and motion for discovery that Mr. Groff's conduct is squarely within the sort normally and properly expected of government employees. No evidentiary hearing or discovery should be permitted and Plaintiff's motion should therefore be denied.

November 10, 2005              Respectfully submitted,


\_\_\_/s/_____
KENNETH L. WAINSTEIN, D.C. BAR#451058
United States Attorney

\_\_\_/s/_____
R. CRAIG LAWRENCE, D.C. BAR #171538
Assistant United States Attorney

\_\_\_/s/_____
ANDREA MCBARNETTE, D.C. BAR #483789
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7153

Of Counsel:
John Mantini
Assistant General Counsel, Administration
Millennium Challenge Corporation

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing DEFENDANT'S OPPOSITION TO MOTION FOR PERMISSION FOR LIMITED EXPEDITED DISCOVERY was filed via the Court's electronic filing system on November 10, 2005 and is expected to be served by the Court's electronic transmission facilities to:

**Montgomery Blair Sibley**
LAW OFFICE OF RODRIGUEZ & SIBLEY
1717 K. Street, N.W.
Suite 600
Washington, DC 20036-5346
202 508 3699
Fax: (202) 478-0371
Email: MBSibley@earthlink.net

/S/
ANDREA McBARNETTE
Assistant United States Attorney