UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

DR. JOSEPH AARON WEINSTOCK,
13 Avocado Street
Valle Verde I
Pasig City, Metro Manila
Philippines

        Plaintiff,

vs.

STEPHEN P. GROFF
7614 Carteret Rd
Bethesda, MD 20817-2021,

        Defendant.
_____/

Case. No.: 1:05V-01931
Judge Ellen Segal Huevelle

**PLAINTIFF'S REPLIES TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTIONS TO ENLARGE TIME TO RESPOND TO MOTION TO DISMISS AND FOR PERMISSION FOR LIMITED EXPEDITED DISCOVERY**

Plaintiff, Dr. Joseph Aaron Weinstock, by and through his undersigned counsel and pursuant to Federal Rules of Civil Procedure, Rule 6(b), and the inherent authority of the Court, hereby Replies to Defendant's Response to Plaintiff's Motions to Enlarge Time to Respond to Motion to Dismiss and For Permission for Limited Expedited Discovery, and states:

Defendant would have this Court accept as true its representations as to the scope of employment of Defendant without subjecting those representations to the engine of truth which is civil discovery. In particular, absent are:

    (i) the travel documents Defendant was issued by MCC when he traveled to the Philippines and met Plaintiff which documents would detail the scope of his employment on that trip;

    (ii) the "information now available" to R. Craig Lawrence, Acting Chief of the Civil Division when he made his affidavit regarding the

1

scope of Defendant's employment and

(iii) any opportunity to clearly understand what Defendant's role was in MCC at the time of the allegations in the Complaint.

Additionally, attached hereto is the affidavit of Plaintiff which places clearly in dispute the assertions of Defendant that he was acting within the scope of authority when he interviewed Plaintiff. Accordingly, it is premature for this Court to make the factual determination urged by Defendant regarding his scope of employment until a fuller record is developed through the limited discovery sought by Plaintiff.

Last, Defendant's arguments related to the failure to plead with greater specificity the scope of Defendant's employment ignore that such facts are not presently in the possession of Plaintiff except as detailed in the attached affidavit and the complaint.

WHEREFORE, Plaintiff respectfully requests that this Court enter its order enlarging time for him to serve his response to the motion to dismiss sixty (60) days from the entry of the order to allow Plaintiff to engage in limited discovery on the issues of (i) whether Defendant's employer, Millennium corporation, is in fact an arm of the government and (ii) whether Defendant was acting within the scope of his employment when he undertook the actions alleged in the Complaint.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing was provided pursuant to LcvR 5.4(d) upon Andrea McBarnette, Assistant United States Attorney, 555 Fourth Street, N.W., Washington, D.C. 20530 this November 17, 2005.

**MONTGOMERY BLAIR SIBLEY**
Rodriguez, Sibley & Mendoza, L.L.P.
Attorneys for Plaintiff
1717 K Street, Suite 600
Washington, D.C. 20036
Voice:      (202) 508-3699
Fax:         (202) 478-0371

By:   /s/ Montgomery Blair Sibley
         Montgomery Blair Sibley
         D.C. Bar #464488

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

DR. JOSEPH AARON WEINSTOCK,
13 Avocado Street
Valle Verde I
Pasig City, Metro Manila
Philippines

Case. No.: 1:05V-01931
Judge Ellen Segal Huevelle

       Plaintiff,

**AFFIDAVIT OF JOSEPH WEINSTOCK**

vs.

STEPHEN P. GROFF
7614 Carteret Rd
Bethesda, MD 20817-2021,

       Defendant.
_____/

DR. JOSEPH AARON WEINSTOCK pursuant to the authority of 28 U.S.C. §1746 and under penalty of perjury states:

1.     As I was walking towards the East Core elevators on the first floor of the ADB building one morning the third week of March 2005, I saw Mr. Stephen P. Groff. He was wearing a visitors' badge instead of his ADB photo ID. I thought Mr. Groff had forgotten his ID - I did not know he had left the ADB several months before and joined the Millennium Challenge Corporation (MCC). When he saw me, Mr. Groff explained that he now worked for the Millennium Challenge as Managing Director for Eastern Europe, Asia and the Pacific.

2.     Mr. Groff stated that he was visiting the ADB to discuss possible MCC - ADB cooperation and to interview candidates for his department of the MCC. He said that had heard that I was being considered for a position with the Markets and Sector Assessments Department. When I asked him about this, Mr. Groff stated that this was not his department in the MCC and that someone from the Markets and Sector Assessment Department would be contacting me about an interview. Furthermore, he specifically stated that the staff of the Markets and Sector Assessment Department where currently in Africa conducting meetings and interviews so it might be awhile before I would be contacted by them for an interview.

3     A couple of days later I arranged for Mr. Groff to stop by my office. He came for about 20 minutes, during which time he again clearly stated that our meeting was not an interview. During the brief social meeting I asked him general questions about how the MCC

1

operated, the MCC relationship with USAID, and the MCC country selection system. More time was spent with Mr. Groff talking about his family and the high cost of housing in the DC area. At no time did Mr. Groff ask me anything about my work, my professional experience, or anything whatsoever pertaining to the MCC position for which I was being considered.

      I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 14, 2005

*Joseph A. Weinstock*

DR. JOSEPH AARON WEINSTOCK