**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**


| | |
|---|---|
| DR. JOSEPH AARON WEINSTOCK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   Civil Action No. 05-1931 (ESH) |
| | ) |
| STEPHEN P. GROFF, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**MEMORANDUM OPINION AND ORDER**

Before the Court is plaintiff's Motion to Enlarge Time to Respond to Motion to Dismiss and

for Permission for Limited Expedited Discovery.  Because plaintiff has failed to allege facts

sufficient to rebut the government's certification that defendant was acting within the scope of his

federal employment, plaintiff's motion for discovery is denied.

**BACKGROUND**

According to his complaint, plaintiff Joseph Weinstock applied for a position with the

Millennium Challenge Corporation ("MCC"), a government corporation, in early February of

2005.  (Compl. ¶ 6.)  The following month, he met informally with defendant Stephen Groff, an

acquaintance and MCC employee.  (*Id.* ¶ 9.)  Groff told Weinstock that he worked in a

department separate from that to which Weinstock had applied and indicated that their

conversation was not an interview.  (*Id.*)  After speaking with Groff, Weinstock heard nothing

regarding his application.  (*Id.* ¶ 12.)  Plaintiff called the MCC on May 5, 2005, and learned that

Groff had pre-screened him during their conversation and reported to MCC that he lacked

management experience and was therefore not suitable for the position.  (*Id.* ¶ 13.)  According to

Weinstock, Groff had no basis for such statements.  (*Id.*)

Plaintiff subsequently filed suit on September 30, 2005, claiming in Count 1 that

defendant had defamed him by stating that he was without management experience and thus

unqualified for the position at MCC.  (Compl. ¶¶ 14-17.)  Plaintiff also alleges that defendant's

conduct constituted tortious interference with prospective advantage (Count 2) and reckless

misrepresentation (Count 3).  (*Id*. ¶¶ 18-26.)

On October 19, 2005, the United States certified that Groff was a federal employee acting

within the scope of his employment at the time of the incidents alleged in Weinstock's

complaint, and thus, under the Federal Tort Claims Act, 28 U.S.C. § 3146(a) ("FTCA"), the

United States should be substituted as the sole defendant.  Plaintiff thereafter filed the present

motion, requesting depositions from two officials -- R. Craig Lawrence, who issued the

certification as Acting Chief of the Civil Division of the United States Attorney's Office for the

District of Columbia, and John Mantini, assistant general counsel for Millennium Challenge

Corporation -- in order to determine "whether Defendant's employer, Millennium Challenge

Corporation, is in fact an arm of the government and . . . whether Defendant was acting within

the scope of his employment when he undertook the actions alleged in the Complaint."  (Pls.'

Mot. at 1.)

## ANALYSIS

The Federal Employees Liability Reform and Tort Compensation Act of 1988, commonly

known as the Westfall Act, authorizes the Attorney General or his designee to certify that an

employee sued for wrongful or negligent conduct was "acting within the scope of his office or

employment at the time of the incident out of which the claim arose" and thereby dismiss the

employee from the action, substituting the United States as the defendant.  28 U.S.C.

§ 2679(d)(1).  This substitution places the case within the Federal Torts Claims Act and, as a

result, may leave some plaintiffs without a cause of action against any party.  *See Gutierrez de*

*Martinez v. Lamagno*, 515 U.S. 417, 420 (1995).

 "[T]he Attorney General's certification that a federal employee was acting within the

scope of his employment . . . does not conclusively establish as correct the substitution of the

United States as defendant in place of the employee."  *Id.* at 434; *see also Stokes v. Cross*, 327

F.3d 1210, 1213 (D.C. Cir. 2003).  When a "material dispute" arises as to the scope of a certified

employee's employment, "the district court must resolve it at an evidentiary hearing."  *Kimbro v.*

*Velten*, 30 F.3d 1501, 1508 (D.C. Cir. 1994).  Under this standard, however, "[n]ot every

complaint will warrant further inquiry into the scope-of-employment issue."  *Stokes*, 327 F.3d at

1216.  In order to obtain discovery and an evidentiary hearing on the question of scope, a plaintiff

must "allege[] sufficient facts that, taken as true, would establish that the defendant['s] actions

exceeded the scope of [his] employment."  *Id.*

 Plaintiff's complaint, even when read in conjunction with his present motion, falls

woefully short.  Weinstock has failed to allege *any* facts suggesting that Groff was acting outside

the scope of his employment at the time of the challenged incident.  *See Stokes*, 327 F.3d at

1215-16 (Under District of Columbia law, "[c]onduct of a servant is within the scope of

employment if, but only if . . . it is of the kind he is employed to perform; . . . it occurs

substantially within the authorized time and space limits; . . . it is actuated, at least in part, by a

purpose to serve the master; and . . . if force is intentionally used by the servant against another,

the use of force is not unexpectable by the master."). In fact, Weinstock's complaint is premised

on defendant's having conducted a "pre-screen[ing]" interview for MCC and later submitted a

report to his employer. (*See* Compl. ¶¶ 12-13.) As for plaintiff's request for a deposition

allowing him to verify MCC's status as a federal agency, no discovery is required for information

is readily available in the United States Code that conclusively demonstrates that MCC is a

federal agency. *See* 22 U.S.C. 7703(a) (establishing the MCC within the executive branch).

For the aforementioned reasons, plaintiff's Motion for Permission for Limited Expedited

Discovery is **DENIED**, but plaintiff's Motion to Enlarge Time to Respond is **GRANTED IN**

**PART** insofar as he will have until December 12, 2005 to respond to defendant's Motion to

Dismiss.


                                    s/
                         ELLEN SEGAL HUVELLE
                         United States District Judge

Dated: November 28, 2005